SHIVERS, Chief Judge.
This appeal is from the summary denial of Cobb’s motion for postconviction relief. We reverse and remand.
In 1987 Cobb pled nolo contendere to first degree murder, robbery and grand theft. She was convicted and sentenced, and she did not appeal. In October 1989 Cobb filed a Rule 3.850 motion seeking to withdraw her plea on the grounds of ineffective assistance of counsel and involuntariness of the plea. Her factual allegation is that the assistant public defender told her she would receive the death penalty if she did not plead nolo, and the plea was therefore coerced. The motion also seeks to dismiss the grand theft conviction on the ground that grand theft is a lesser included offense of robbery.
The trial court summarily denied Cobb’s 3.850 motion. In support of the denial, the trial court attached a prior order denying a variety of defense motions seeking to remove the possibility Cobb would be sentenced to death.
Cobb filed an untimely notice of appeal. State was ordered to show cause why Cobb should not be granted a belated appeal. State responded it had no objection, and the belated appeal was granted. State did not file an answer brief.
In regard to Cobb’s argument that grand theft is a lesser included offense of robbery, the issue is one that could have been remedied by objection at trial and argument on appeal and therefore may not be considered by means of a 3.850 motion. Straight v. State, 488 So.2d 530 (Fla.1986).
In regard to the voluntariness of Cobb’s plea, Cobb alleged a prima facie case for relief. If defense counsel did in fact guarantee certain death at the hands of the state if Cobb did not take the plea, Cobb was probably coerced. The trial court appears to reason that its denial of all of Cobb’s motions for relief from the possibility of a death sentence conclusively *82 shows Cobb knew she might not get the death penalty if she went to trial. The trial court did not, however, mention or attach a plea agreement or plea colloquy. Under Rule 8.850 a copy of the portion of the record, which conclusively shows that Cobb is not entitled to relief, must be attached to the trial court’s order.
We reverse and remand for the trial court to either attach those portions of the files and records which conclusively show Cobb is not entitled to relief, or to order the State Attorney to file an answer and thereafter determine whether an evidentia-ry hearing is required. Morris v. State, 553 So.2d 321 (Fla. 1st DCA 1989).
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., concur.