WENTWORTH, Senior Judge.
This case comes before this Court on the trial court’s denial of Appellant’s motion for post-conviction relief filed on July 6,1993. Although his motion alleged a total of five grounds for relief, we find that the first four grounds involve issues that were raised and rejected on Appellant’s direct appeal of his conviction and sentence and therefore are not proper for consideration in a motion for post-conviction relief. Turner v. Dugger, 614 So.2d 1075, 1078 (Fla.1992).
In his fifth ground, Appellant alleged that Officer Burt Griffin, one of the two officers who arrested him, had been involved in a drug planting scandal in which he and other officers planted drugs on suspects in order to make arrests. Appellant argues that because Officer Griffin was the only officer who witnessed any alleged criminal activity on the part of the Appellant and because Officer Griffin was part of a drug planting scandal, his credibility is questionable and Appellant’s conviction should not stand. In its response to Appellant’s motion for post-conviction relief, the State asserted that Appellant’s conviction and sentence should stand because an officer who was not implicated in the drug planting scandal had witnessed Appellant’s criminal activity.
On October 14, 1993, the trial court entered an order denying Appellant’s motion for post-conviction relief. In its order, the trial court noted that the State Attorney had reviewed hundreds of cases where the officers involved were the officers implicated in the drug planting scandal. The court noted that as a result of the State’s review of the case files, the State Attorney’s office had *124 dropped eases or agreed to vacate convictions in closed cases where the offending officers were involved and where their testimony and credibility would be a factor in the case. The court’s decision to deny Appellant’s motion, however, was based on the following sentence: “The response of the State Attorney indicates that their investigation reveals that the officers who witnessed the defendant’s criminal activity, and who testified against Mr. Jefferson, were not the officers involved in the drug planting incidents cited by the defendant’s motion.”
With Appellant’s assertion that his conviction was the result of testimony by Officer Griffin and that Officer Griffin’s involvement in the drug planting scandal should result in his conviction being vacated, we hold that the trial court’s order is legally insufficient to support the denial of Appellant’s motion for post-conviction relief on this ground. The trial court’s order does not indicate what evidence, if any, was relied upon in denying this ground. Rather, the trial court appears to adopt, as fact, the State’s contention that an officer not involved in the scandal witnessed criminal activity on the part of the Appellant. The portions of the trial transcript supplied to this Court by Appellant, however, appear to indicate that it was Officer Griffin who witnessed the criminal activity and that Appellant’s conviction hinged on Officer Griffin’s testimony. Additionally, it is unclear from the order entered by the court whether a hearing was held with regard to Appellant’s motion and, if so, whether testimony was presented. Finally, there were no attachments to the court’s order as support for its denial of Appellant’s motion.
Rule 3.850 requires that where a court denies a motion for post-conviction relief for reasons other than legal insufficiency of the motion, the court must attach to its order copies of the portions of the files or records that show that the prisoner is entitled to no relief. Failure to include the supporting attachments requires a reversal and remand of the trial court’s order so that the trial court can either attach the proper supporting documents or hold an evidentiary hearing on the grounds asserted by the prisoner. Hall v. State, 603 So.2d 650 (Fla. 1st DCA 1992); Cobb v. State, 582 So.2d 81 (Fla. 1st DCA 1991). Likewise, because of the deficiencies in the trial court’s order denying Appellant’s rule 3.850 motion, the instant case requires a remand to the trial court for an evidentiary hearing or for the attachment of portions of the record that conclusively show no right to relief.
ZEHMER, C.J., and WEBSTER, J, concur.