PER CURIAM.
The appellant challenges the trial court’s summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because there is insufficient information in the record to refute the appellant’s second and third claims, we reverse. We affirm the remainder of the appellant’s claims without further discussion.
On March 21, 2000, the appellant was convicted of manslaughter by boating under the influence and culpable negligence and sentenced to ten years’ imprisonment as a habitual felony offender followed by twenty years’ probation on count one and to time served on count two. In a timely rule 3.850 motion, the appellant raised six claims of ineffective assistance of counsel. In ground two, the appellant alleged that his counsel was ineffective for failing to move to suppress the statements taken from the appellant on December 13 and 14. In ground three, the appellant alleged that his counsel was ineffective for failing to object to the withdrawal of the appellant’s blood because the police did not have probable cause to believe that the appellant was operating the boat when the blood withdrawal was made. The trial court summarily denied both of these claims. Because the trial court failed to attach sufficient record portions to support its summary denial, we reverse the denial of these claims and remand for an evidentiary hearing or further attachment of portions of the record to conclusively refute the appellant’s claims. Cobb v. State, 582 So.2d 81 (Fla. 1st DCA 1991).
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, BENTON, and LEWIS, JJ., concur.