316 So.2d 279 (1975)
Foy B. HALL, Petitioner,
v.
STATE of Florida, Respondent.
No. 46588.
Supreme Court of Florida.
June 23, 1975.
James A. Gardner, Public Defender, and Richard W. Seymour, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for respondent.
*280 OVERTON, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the Second District Court of Appeal reported at 303 So.2d 417 (Fla.App.2d 1974). The decision sought to be reviewed conflicts with Lyles v. State, 299 So.2d 146 (Fla.App. 1st 1974).
At issue is the failure of the trial judge to properly follow the guilty plea procedure outlined in Rule of Criminal Procedure 3.170(j). As set forth in the Second District's opinion, the record clearly reflects that the trial court failed to determine a factual basis for the plea. The Second District certified as of great public interest the same question as set forth in Williams v. State, 316 So.2d 267 (Fla. 1975). We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
At his arraignment in the presence of the state attorney and public defender, the defendant, Hall, pleaded guilty to the below-mentioned charge. An extremely short and summary inquiry was made by the trial judge. No suggestion of further inquiry was made by either counsel. It is apparent that the defendant and his counsel were primarily interested in having the defendant remain on his own recognizance pending a presentence investigation report. His record justifies this concern. At the sentencing, the trial judge directly questioned the defendant concerning his criminal record. The defendant confirmed that his criminal record was as follows: breaking and entering in 1955, with a sentence of two years; breaking and entering in 1958 with a sentence of six years; escape in 1959 with a sentence of one year; larceny of an automobile in 1959 with a sentence of three years; and attempted robbery in 1972, with no sentence being mentioned. The instant offense was breaking and entering with intent to commit a misdemeanor.
Clearly, this is not an inexperienced defendant. His answers to the court's inquiries were as follows:
"THE COURT: Now, you plead guilty to this charge. Did anybody threaten you in any way to force you to plead guilty?
"DEFENDANT: No, sir.
"THE COURT: Did anybody promise you any reward or any leniency, or any special consideration by this Court to induce you to tender this plea of guilty?
"DEFENDANT: No, sir.
"THE COURT: Did you plead guilty freely and voluntarily?
"DEFENDANT: Yes, sir.
"THE COURT: Do you know of any reason why the Court should not accept your tendered plea of guilty and sentence you according to law?
"DEFENDANT: No, sir."
The aforementioned questions immediately followed the trial judge's review of the defendant's record with defendant. The trial judge then proceeded to impose a four year sentence.
This was not a model guilty plea inquiry, and it did not comply with Rule 3.170(j). We wish to emphasize, however, that the responsibility to see that proper procedural steps are followed does not rest solely with the trial judge; both trial counsel are ethically bound to share this responsibility. The adversary system is based upon each tribunal's being fully informed concerning the pertinent law in the case. See Canon 7-23, Code of Professional Responsibility. The guilty plea procedures are designed to protect the defendant, not to provide a procedural technicality to avoid the administration of justice.
*281 In the instant case there has been no showing of any kind of prejudice or manifest injustice by the defendant. Williams v. State, supra, is therefore controlling. The decision of the District Court is affirmed.
It is so ordered.
ADKINS, C.J., ROBERTS and ENGLAND, JJ., and CARLISLE, Circuit Judge, concur.