McCORD, Judge.
Appellant was charged with a number of offenses and as the result of plea bargaining he pled guilty to four offenses and the remaining charges were nolle prossed. Appellant’s convictions were of (1) grand larceny (2) sale of marijuana (3) possession of in excess of five grams of marijuana and (4) sale of phencyclidine. He appeals from the convictions and sentences.
Appellant contends that in accepting his guilty pleas to the charges numbered (2), (3) and (4) above, the trial court erred in failing to establish a factual basis for the guilty pleas. We find this contention to be without merit. Appellant has not shown either prejudice or manifest injustice resulting to him from the trial court’s failure to establish such factual bases. See Williams v. State, Fla., 316 So.2d 267, opinion filed June 23, 1975 and Hall v. State, Fla., 316 So.2d 279, opinion filed June 23, 1975.
Appellant also contends that the court erred in accepting his guilty plea to the charge of grand larceny in that he did not in fact plead guilty to grand larceny. The record shows that at the time of entering the aforesaid guilty pleas, appellant made the following statement as to the charge of grand larceny (of an outboard motor) :
“Your Honor, that motor, we’ve had it appraised and it’s only worth the value of $25. We had it appraised by a man *99 from Marineland Outboard Motors, and he said it was worth only $25.”
The court made no comment regarding appellant’s above-quoted statement and accepted the guilty pleas which included the guilty plea to grand larceny. Such was error as to the grand larceny charge as the only factual basis shown by the record for that plea appears to be a factual basis for a plea of petit larceny.
Appellant’s aforesaid convictions and sentences other than for grand larceny are affirmed.. As to the grand larceny conviction and sentence, the cause is remanded for further inquiry by the trial court and to receive evidence pursuant to the recent opinion of the Supreme Court in State v. Lyles, Fla., 316 So.2d 277, opinion filed June 23, 1975.
BOYER, C. J., and RAWLS, J., concur.