597 So.2d 256 (1992)
Kenneth KOENIG, Appellant,
v.
STATE of Florida, Appellee.
No. 75019.
Supreme Court of Florida.
February 27, 1992.
Rehearing Denied May 26, 1992.
*257 James Marion Moorman, Public Defender and Robert F. Moeller, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Kenneth Koenig appeals his sentence of death, imposed after the trial court adjudicated him guilty of first-degree murder. He also appeals his related convictions and sentences. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
Koenig entered a plea of no contest[1] to charges of first-degree murder, armed burglary, and armed robbery stemming from the stabbing death of Ida Souta, a seventy-year-old widow. He waived his right to a sentencing recommendation from a jury. A penalty phase hearing was held in front of the trial judge, who concluded that sufficient aggravating circumstances outweighed the mitigating circumstances and sentenced Koenig to death. The judge also imposed consecutive life terms for the burglary and robbery counts, citing Koenig's first-degree murder conviction as his reason for departing from the sentences recommended under the guidelines.
As his first point on appeal, Koenig contends that the record does not show that his plea was an intelligent and voluntary waiver of his constitutional rights.[2] *258 Due process requires a court accepting a guilty plea to carefully inquire into the defendant's understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); see also Porter v. State, 564 So.2d 1060, 1063 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 1024, 112 L.Ed.2d 1106 (1991); Lopez v. State, 536 So.2d 226, 228 (Fla. 1988); Mikenas v. State, 460 So.2d 359, 361 (Fla. 1984). Here, the transcript of the plea hearing does not affirmatively show that Koenig knowingly and intelligently entered his plea of no contest. Because a guilty, or no contest, plea has serious consequences for the accused, the taking of a plea "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Boykin, 395 U.S. at 243-44, 89 S.Ct. at 1712. The detailed inquiry necessary when accepting a plea is absent in this case.
Florida Rule of Criminal Procedure 3.172 governs the taking of pleas in criminal cases. This rule provides basic procedures designed to ensure that a defendant's rights are fully protected when he enters a plea to a criminal charge. Hall v. State, 316 So.2d 279, 280 (Fla. 1975). The rule specifically provides that a trial judge should, in determining the voluntariness of a plea, inquire into the defendant's understanding of the fact that he is giving up the right to plead not guilty, the right to a trial by jury with the assistance of counsel, the right to compel the attendance of witnesses on his behalf, the right to confront and cross-examine adverse witnesses, and the right to avoid compelled self-incrimination. Fla.R.Crim.P. 3.172(c). Here, the brief colloquy between the trial court and Koenig failed even to mention any of these rights. Although the judge did ask Koenig if he understood that he was waiving "certain rights," he never explained what those rights were.
Before his plea hearing, Koenig signed a form which described in detail the rights he was waiving. In response to the judge's inquiry, he said he had discussed this with his attorney. However, there is nothing in the record to demonstrate that he could understand the form he signed or what his attorney told him about it. The record does not reflect the extent of Koenig's education or whether he can even read. We simply cannot be assured, from the superficial plea colloquy here, that Koenig's plea was voluntary and intelligent.
Koenig's plea is also deficient because the trial judge failed to inquire into the factual basis for the plea. Prior to accepting a plea of no contest, the trial judge must receive in the record factual information to establish the offense to which the defendant has entered his plea. Williams v. State, 316 So.2d 267, 271 (Fla. 1975). Here, there was absolutely no evidence in the record of the crimes to which Koenig entered his plea. Although Koenig's counsel stipulated that there was a factual basis for the plea, a stipulation with no factual basis in the record is insufficient. Cf. Dydek v. State, 400 So.2d 1255, 1257 (Fla. 2d DCA 1981).
The failure to follow the necessary procedures in accepting the plea in this case is not solely the fault of the trial judge. As we have stated in numerous cases, the responsibility to ensure that the proper procedural steps are followed is shared by the judge, the prosecutor, and the defense attorney. See, e.g., Robinson v. State, 373 So.2d 898, 903 (Fla. 1979); Hall, 316 So.2d at 280.
Given our resolution of Koenig's first claim on appeal, we need not address the remaining issues he raises. For the reasons expressed, we vacate Koenig's convictions and sentences, including the sentence of death, and remand with directions to the trial court to allow Koenig to plead anew.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We find no error in the fact that Koenig pled no contest rather than guilty. "A plea of nolo contendere can be made and accepted in a capital case provided that the usual requirement[s] of comprehension and understanding are reflected in the record." Seay v. State, 286 So.2d 532, 536 (Fla. 1973), cert. denied, 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 77 (1974).
[2] We reject the State's argument that this issue is not cognizable on appeal because Koenig failed to move to withdraw his plea in the trial court. This Court is required to review the judgment of conviction in death penalty cases. § 921.141(4), Fla. Stat. (1989). In order to review the judgment of conviction in this case, we must review the propriety of Koenig's plea, since it is the plea which formed the basis for his conviction. See LeDuc v. State, 365 So.2d 149, 150 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979); see also Robinson v. State, 373 So.2d 898, 902 (Fla. 1979) (automatic review of voluntariness of guilty plea necessary only in death penalty cases). Tillman v. State, 522 So.2d 14 (Fla. 1988), is not to the contrary. Although in that case we did not allow the defendant to withdraw his plea where he never moved to withdraw the plea in the court below, Tillman cannot be read as requiring this Court to abdicate its review responsibilities in death cases where the defendant has pled guilty or nolo contendere. Rather, Tillman addressed the appropriate remedy where the plea was rendered involuntary due to the State's failure to abide by the plea agreement; we remanded for specific performance of the agreement. Here, the problems with Koenig's plea do not involve any breach of an agreement by the State, and the only relief possible in this case is allowing Koenig to plead anew.