598 So.2d 295 (1992)
Tony Darlus GOODWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3208.
District Court of Appeal of Florida, First District.
May 15, 1992.
Spiro T. Kypreos, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Wendy S. Morris, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant, defendant below, seeks review of the trial court's order denying his motion to withdraw his no contest plea to various felony charges. We reverse.
Rule 3.170(j), Florida Rules of Criminal Procedure, states that "[n]o plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court ..., that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea... ." Rule 3.172(a) is to the same effect.
The record in this case establishes that the effort to determine whether appellant's plea was intelligently and voluntarily entered was perfunctory at best. No attempt was made to comply with either subsection (c) or (d) of Rule 3.172. (Although a written plea agreement had apparently previously been executed, the plea dialogue does not include any discussion sufficient to demonstrate that appellant understood the contents of the plea agreement, or its implications.)
In addition, the trial court failed to satisfy itself, from inquiry on the record, that there was a factual basis for appellant's plea. Recently, in Koenig v. State, 597 So.2d 256 (Fla. 1992), the Court held that the convictions must be set aside and the case remanded with directions that the defendant be permitted to plead anew, both because the record failed to reflect compliance with Rule 3.172(c), and because the record did not contain "factual information to establish the offense to which the defendant has entered his plea." Id. (The fact that the defendant's attorney had stipulated that there was a factual basis for the plea was, according to the Court, insufficient.) We are of the opinion that Koenig mandates a like result in this case.
The judgment and sentence are reversed, and the case is remanded to the trial court with directions that the trial court permit appellant to plead anew.
REVERSED and REMANDED, with directions.
SMITH, ZEHMER and WEBSTER, JJ., concur.