ZEHMER, Judge
(specially concurring).
I fully concur in the court’s opinion. I write only to point out several additional significant deficiencies surrounding the trial court’s acceptance of the plea and imposition of sentence revealed in my review of the record which the panel decided not to reach on this appeal.
Rule 3.170(j), Florida Rules of Criminal Procedure, provides that “[n]o plea of guilty or nolo contendere shall be accepted by a court without first determining, in open court ..., that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea_” Rule 3.172(a) also contains similar language and provides additionally that counsel for the prosecution and the defense shall assist the trial court in this function. Rule 3.172(c) requires the trial court to determine that the defendant understands certain specified matters before accepting a nolo contendere plea, including “the mandatory maximum penalty provided by law, if any, and the maximum possible penalty provided by law.” Fla. R.Crim.P. 3.172(c)(i). The supreme court recently held in Koenig v. State, 597 So.2d 256 (Fla.1992), that a plea of nolo conten-dere is not properly accepted where the transcript of the plea hearing does not affirmatively reflect that the defendant knowingly and intelligently entered the plea, which must be demonstrated through an adequate inquiry pursuant to rule 3.172 regarding the factual basis for the plea and the defendant’s understanding of the rights that he is waiving by entering the plea.
As in Koenig, the record in this case reveals that the circuit court’s inquiry into the voluntariness of and factual basis for Black’s plea was inadequate because it failed to comply fully with the procedure outlined in rule 3.172. Prior to accepting Black’s plea, the court did not determine that Black understood each of his rights outlined in rule 3.172(c). The record is silent as to the factual basis for the plea. While the court asked Black, do you “understand the charges to which you’re entering this plea to and also the maximum penalty provided by law for those offenses,” the court mentioned neither the nature of the charges nor the mandatory minimum penalty and the maximum possible penalty provided by law, as required by rule 3.172. The trial court failed to make appropriate inquiry to determine that Black understood the significance of being sentenced as a “career criminal” under the habitual felony offender statute. The record indicates that prior to the pronouncement of the sentence in case number 90-3656, the court did not inform Black that the maximum possible sentence he could receive for that offense was a term of imprisonment not exceeding 30 years as *1383 a habitual felony offender. The written plea agreement indicated only that the “maximum” sentence was 15 years and that Black would be sentenced as a “career criminal.” Also, as noted previously, the trial court did not make a sufficient inquiry to determine that Black understood this possibility when the plea was accepted, and there was a manifest misunderstanding between Black and his attorney concerning the maximum penalty that could be imposed for the offense in case number 90-3656 under the plea agreement. As these matters cast considerable doubt that the record affirmatively demonstrates Black’s plea was voluntarily and intelligently made, Koenig, 597 So.2d 256 on remand the trial court should consider taking appropriate steps to correct them.