603 So.2d 650 (1992)
Antonio HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3423.
District Court of Appeal of Florida, First District.
August 7, 1992.
Antonio Hall, pro se, appellant.
No appearance for appellee.
KAHN, Judge.
Antonio Hall appeals the trial court's order summarily denying his motion for post-conviction relief. Appellant raises several issues, only two of which merit discussion. Appellant contends that he was denied effective assistance of counsel (1) because no factual basis exists for his conviction on charges of sale and possession of a controlled substance, notwithstanding entry of a nolo contendere plea, and (2) because counsel advised him to accept treatment as a habitual offender without being afforded procedural due process under the habitual offender statute.
Appellant correctly asserts that there must be a factual basis for the plea. In Koenig v. State, 597 So.2d 256 (Fla. 1992), the supreme court reversed a defendant's conviction because the plea was deficient in that the trial judge failed to inquire into the factual basis for the plea. The court explained that prior to accepting a plea of no contest, "the trial judge must receive in the record factual information to establish the offense to which the defendant has entered his plea." Id. Although defense counsel in Koenig stipulated to a factual basis for the plea, the court held that a stipulation with no factual basis in the record is insufficient. Here, appellant asserts there was no factual basis to support his conviction. The defense counsel, in the case at bar, stipulated into evidence the information in certain arrest reports "in lieu of a statement of probable cause." However, the trial court failed to attach those reports, or any other portions of the record establishing a factual basis for the plea, to its order denying the motion. The order does not, therefore, conclusively show that Hall is entitled to no relief. Fla. R.Crim.P. 3.850.
We entered an order directing the trial court to forward the arrest report which the defense counsel stipulated into evidence "in lieu of a statement of probable cause" or any other evidence on which the trial court relied in finding a factual basis for the plea. In response, the trial court sent an arrest report and capias for failure to appear for a charge of possession of a firearm by a convicted felon, a matter not *651 addressed by Hall's motion. The trial court must on remand either attach to its order the arrest report or other evidence relied on in finding a basis for the plea to counts of sale and possession of a controlled substance in Case Numbers 90-621-CFA and 90-673-CFA, or hold an evidentiary hearing to determine whether a factual basis existed for a plea in those cases.
The record excerpts attached likewise fail to refute Hall's allegation that counsel's failure to seek the appropriate procedural due process protections found in the habitual offender statute denied Hall effective assistance. In truth, neither the order nor the record attachments even address this contention. See Wells v. State, 598 So.2d 259 (Fla. 1st DCA 1992) (remanding order denying 3.850 motion in part for the trial court to attach a portion of the record to refute, or hold an evidentiary hearing on, appellant's contention that trial counsel was ineffective in that he failed to object to the habitual offender sentencing procedure).
Accordingly, we reverse the order summarily denying appellant's Rule 3.850 motion and remand this cause for further proceedings consistent with the rule.
ERVIN and SMITH, JJ., concur.