PER CURIAM.
Franklin Lee Jones has appealed from an order of the trial court summarily denying his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. We reverse and remand for further proceedings.
On July 2, 1993, the trial court sentenced Jones to 15 years incarceration following his plea of nolo contendere to second-degree murder; he did not appeal. Jones filed the instant motion in August 1993, alleging that there was no factual basis for his plea. The trial court denied the motion, finding that Jones had stipulated to a factual basis, and such basis had been found by the court. However, the trial court attached no portion of the record reflecting the stipulation and trial court finding.
A plea must have a factual basis. Hall v. State, 603 So.2d 650 (Fla. 1st DCA 1992). When a 3.850 movant alleges that his plea had no factual basis, and the trial court fails to attach to its order those portions of the record establishing that basis, the order does not conclusively show that the movant is entitled to no relief. Hall, 603 So.2d at 650. Here, Jones alleged that there was no factual basis for his plea and, although the trial court stated that the record refuted that allegation, it attached no portion of that record. We therefore reverse the order herein appealed, and remand either for entry of an order to which are attached those portions of the files and records conclusively showing no entitlement to relief, or for further proceedings pursuant to Fla.R.Crim.P. 3.850.
ALLEN and MICKLE, JJ., and WENTWORTH, Senior Judge, concur.