644 So.2d 510 (1994)
Michael LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01897.
District Court of Appeal of Florida, Second District.
July 22, 1994.
*511 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Michael Lowe, pro se.
Robert A. Butterworth, Atty. Gen., and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
FULMER, Judge.
The defendant, who was a juvenile at the time he committed the offenses, appeals his adjudication as an adult and the denial of his motion to withdraw his guilty pleas. We affirm on these issues, but reverse for correction of the defendant's sentence.
The defendant was charged with, and pled guilty to, first degree felony murder, grand theft, and two counts of attempted armed robbery. The defendant contends that he was not properly adjudicated as an adult offender. Because the defendant was charged with a crime punishable by death or life imprisonment, however, he was correctly treated as an adult pursuant to section 39.022(5)(c)(1), Florida Statutes (1991).
The defendant also contends that the trial court erred in denying his motion to withdraw his guilty pleas. The trial court's ruling was correct because the motion was filed after the defendant had filed a notice of appeal and, thus, the trial court no longer had jurisdiction to consider the motion. See Harrell v. State, 197 So.2d 505 (Fla. 1967); Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991).
For each of the two counts of attempted armed robbery, the defendant was sentenced to thirty years' imprisonment, with a three year minimum mandatory. The statutory maximum sentence for this crime is fifteen years' incarceration. See sections 774.04(4)(b) and 812.12(2)(a), Florida Statutes (1991). Accordingly, on remand the sentence should be corrected to reflect the statutory maximum. The trial court may again impose the three year minimum mandatory on each count.
The defendant's convictions are affirmed, but the cause is remanded for correction of the sentence.
HALL, A.C.J., and THREADGILL, J., concur.