ANTOON, Judge.
The defendant, Marcus Curry, appeals the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
The trial court addressed each of the defendant’s seven allegations of ineffective assistance of counsel in its written order denying the defendant’s motion. Applying the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. *292 3562, 82 L.Ed.2d 864 (1984), and Knight v. State, 394 So.2d 997 (Fla.1981), the trial court responded to each of the defendant’s claims of ineffective representation and satisfactorily explained the reasons for denying relief.
As one of his grounds for relief, the defendant alleged that the “court failed to place a factual basis in the record at the time defendant entered his plea.”[1] We conclude that the trial court did not obtain a factual basis sufficient to comply -with Florida Rule of Criminal Procedure 3.172(a). Nevertheless, having failed to demonstrate any resulting prejudice, the defendant is not entitled to relief.
At the plea proceeding, the defendant was informed that he was charged with possession of more than 20 grams of cocaine. Thereafter, he entered a plea of no contest. In response to questioning by the trial court, the defendant indicated that he understood the nature of the charge and the attendant penalties, and that he was waiving his rights. When the trial court asked if he had discussed the facts of the case with his attorney, the defendant indicated that he had. There is no indication in the record that the defendant was confused in any way.
The defendant now seeks a new trial because the trial court failed to ask the prosecutor to recite the underlying facts of the offense charged into the record. He relies on Koenig v. State, 597 So.2d 256 (Fla.1992), which requires the court to receive into the record factual information sufficient to establish the offense to which a defendant has entered a plea. We distinguish Koenig on the basis that in that ease, unlike here, the defendant was not advised of any of his rights, and there was absolutely no evidence in the record of the crimes to which Koenig had entered his plea. Id. at 258.
It is important to remember that the purpose of rule 3.172 is to provide a procedure designed to ensure that a defendant’s rights are fully protected when he enters a plea to criminal charges. Hall v. State, 316 So.2d 279,280 (Fla.1975). Compliance with the rule should result in an affirmative showing that the plea was entered intelligently and voluntarily. In this ease, although a more complete factual basis for the defendant’s plea could have been provided, it is evident that the plea was intelligently and voluntarily entered. The purpose of the requirement that there be a “factual basis for the plea is to avoid mistake and is subject to the requirement that the defendant must show he has in fact been prejudiced by any defect.” Stacey v. State, 660 So.2d 1083 (Fla. 5th DCA 1995), rev. denied, 669 So.2d 252 (Fla.1996).
The record before us demonstrates that the defendant intelligently and voluntarily entered his plea and that there is no confusion or mistake regarding the facts. The record further demonstrates that the defendant has at no time sought to withdraw his plea. Under these circumstances, we must affirm the denial of post-conviction relief.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.

. The plea was taken by a predecessor judge to Judge Graziano whose order is appealed here.