PER CURIAM.
On direct appeal from judgments of conviction and consequent sentences, Tavaris Jones argues that the trial court abused its discretion in denying his request, made prior to the imposition of sentence, that he be permitted to withdraw his previously entered no contest plea. We reverse.
Appellant was charged by information with possession of cannabis in violation of section 893.13(6)(a), Florida Statutes (2003) and resisting an officer without violence, in violation of section 843.02, Florida Statutes (2003). At the plea hearing on March 2, 2004, appellant pleaded no contest “without an agreement” to the charges. Aside from the trial court’s reciting appellant’s options — proceeding to trial, pleading to the negotiated sentence of a year and a day, or pleading straight up and receiving a sentence “anywhere from probation to six years in prison” — no additional information was provided to appellant before entry of his plea.
Here, as in Koenig v. State, 597 So.2d 256, 257-58 (Fla.1992), “the record does not show that his plea was an intelligent and voluntary waiver of his constitutional rights.” The state concedes in its brief that the absence of a rule 3.172(c) inquiry[1] in the present case “compels the conclu *451 sion[ ] that remand ... is needed.” See Koenig, 597 So.2d at 258 (reversing and remanding because the “detailed [rule 3.172(c) ] inquiry necessary when accepting a plea is absent in this case” even though the trial court did ask appellant whether “he understood that he was waiving ‘certain rights’ ”).
On April 19, 2004, three days prior to the sentencing hearing, defense counsel filed a Motion to Withdraw Plea,[2] which alleged as grounds for withdrawal that the plea had not been entered knowingly or intelligently, specifically that “[d]efendant appears to be intellectually limited.... Defendant mistakenly or inadvertently selected a plea option that was not of his true intention due to the profound degree of his mental limitations.” See Robinson v. State, 761 So.2d 269, 274 (Fla.1999) (quoting Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983)) (“A defendant should be permitted to withdraw a plea ‘if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights.’ (emphasis supplied). Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982).”).
*452 The motion was still pending at the time of the sentencing hearing, when defense counsel explained that a psychological evaluation conducted on March 9, 2004, revealed that appellant has an IQ of 75 and reads on a third-grade level, findings which place him in the “borderline mentally defective range.” The trial judge noted that the court system “deal[s] with a lot of people ... that are intellectually challenged, and ... that have mental disabilities,” but stated that he would review the psychological evaluation “prior to ruling on your motion to withdraw the plea.” The trial court then adjudicated appellant guilty and sentenced him to two years’ imprisonment on the possession charge, and to one year concurrent on the resisting without violence charge, with credit for time served. Six days later, the trial court denied appellant’s Motion to Withdraw Plea in an order stating that the trial court had “examin[ed] a psychological evaluation ... and considered] the arguments of counsel.”
“Due process requires a court accepting a guilty plea to carefully inquire into the defendant’s understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary.” Koenig v. State, 597 So.2d at 258 (citing Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)); see also Fla. R.Crim. P. 3.170(k) (“No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings steno-graphically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty.”); Fla. R.Crim. P. 3.172(a) (“Before accepting a plea of guilty or nolo contende-re, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it.”).
Although the state admits that the instant “record fails affirmatively to reflect that appellant’s pleas were intelligent and voluntary,” Watson v. State, 667 So.2d 242, 245 (Fla. 1st DCA 1995), it requests that we direct the trial court to conduct a rule 3.172(c) inquiry on remand, but leave his convictions and sentence intact. The state has cited no authority for such a disposition and we are aware of no precedent that would support it. Moreover, the motion to withdraw was filed pursuant to Florida Rule of Criminal Procedure 3.170(f), not Florida Rule of Criminal Procedure 3.170(0. See Lee v. State, 875 So.2d 765, 767 (Fla. 2d DCA 2004) (“Rule 3.170(f) clearly contemplates that motions filed before sentencing will also be ruled upon before sentencing.”).
Accordingly, we reverse and remand because the record does not contain sufficient inquiry to “refute appellant's] claims[s] that [the] pleas were neither intelligently nor voluntarily made.” Grantham v. State, 665 So.2d 348, 351-52 (Fla. 1st DCA 1995) (reversing on grounds that trial court abused its discretion in denying appellant’s request, made prior to the imposition of sentence, to withdraw his previously entered no contest pleas where the “trial court failed to conduct any inquiry along the lines proposed in rule 3.172(c),” so that “the record d[id] not refute appellant’s claim that his pleas were neither intelligently nor voluntarily made”); see also Watson, 667 So.2d at 245 (reversing on grounds that trial court abused its discretion in denying appellant’s request, made prior to the imposition of sentence, to withdraw his previously entered no contest pleas where “[t]he record ... reflected] no effort to determine that appellant understood any of the matters listed in Rule 3.172(c),” so that the record did not reveal *453 whether appellant’s pleas were intelligent and voluntary).
Even if appellant had been shown a form acknowledging the rights a plea of no contest waives, his reading level and mental capacity might well have precluded his understanding the contents of the form. Cf. Koenig v. State, 597 So.2d at 258. (“Before his plea hearing, Koenig signed a form which described in detail the rights he was waiving. In response to the judge’s inquiry, he said he had discussed this with his attorney. However, there is nothing in the record to demonstrate that he could understand the form he signed or what his attorney told him about it.”). In any event, as the state has also conceded, appellant did not sign such a form.
Reversed and remanded.
WOLF, C.J., and BENTON and VAN NORTWICK, JJ., CONCUR.

. When determining whether a plea is voluntary, rule 3.172(c), Florida Rules of Criminal Procedure, provides that
the trial judge should ... place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
(2) if the defendant is not represented by an attorney, that the defendant has the *451 right to be represented by an attorney at every stage of the proceeding against him or her and, if necessary, one will be appointed to represent him or her;
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made and that the defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself;
(4) that if the defendant pleads guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack;
(5) that if the defendant pleads guilty or is adjudged guilty after a plea of nolo con-tendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he or she waives the right to a trial;
(6) that if the defendant pleads guilty or nolo contendere, the trial judge may ask the defendant questions about the offense to which he or she has pleaded, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against him or her in a prosecution for perjury;
(7) the complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result; and
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.

. Appellant did not request below and does not argue on appeal that new counsel should have been appointed to file or argue the motion to withdraw plea. Cf. Newsome v. State, 877 So.2d 938, 940 (Fla. 2d DCA 2004) (“[Gjiven Newsome’s allegations that counsel was ineffective, that counsel misadvised him about the minimum and maximum penalties he faced, and that counsel had coerced him to sign the plea, we conclude that Newsome's counsel’s position had become adverse to Newsome’s, thus entitling Newsome to the appointment of conflict-free counsel” at the hearing on Newsome's motion to withdraw plea); Gunn v. State, 841 So.2d 629, 631 (Fla. 2d DCA 2003) ("Once a conflict becomes apparent between the defendant and defense counsel during a hearing on the defendant’s motion to withdraw plea, the defendant is without representation and is entitled to the appointment of conflict-free counsel.”).