900 So.2d 755 (2005)
Willie PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4209.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
*756 Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Willie Perry was charged by information with kidnapping, carjacking with a firearm, sexual battery, and aggravated fleeing and eluding a police officer. Perry entered a guilty plea. Perry's sentence was left open to the court. Perry was designated as a sexual predator and sentenced to life with a ten-year mandatory minimum on Count I, thirty years with a ten-year mandatory minimum on Count II, life on Count III, and fifteen years on Count IV, all to run concurrently. Perry moved to withdraw his plea. The state filed a written response. The trial court held an evidentiary hearing and denied the motion. Perry filed a motion to correct sentencing error which was also denied.
Perry asserts there are three grounds which demonstrate that the trial court erred in failing to permit him to withdraw his plea: (1) the plea colloquy is inadequate pursuant to Florida Rule of Criminal Procedure 3.172, (2) the plea was not entered in a knowing, intelligent and voluntary manner, and (3) Perry entered his plea in the belief that he would receive a lesser sentence. We agree that the plea colloquy was inadequate pursuant to Florida Rule of Criminal Procedure 3.172, and reverse and remand directing the trial court to permit Perry to withdraw his plea. We do not address the two remaining bases asserted for withdrawing the plea.
Florida Rule of Criminal Procedure 3.172 governs the taking of pleas in criminal cases. This rule provides basic procedures designed to insure the defendant's rights are fully protected when he or she enters a plea to a criminal charge. See *757 Hall v. State, 316 So.2d 279, 280 (Fla. 1975). The Florida Supreme Court stated in Koenig v. State, 597 So.2d 256, 258 (Fla.1992): "The rule [rule 3.172] specifically provides that a trial judge should, in determining the voluntariness of a plea, inquire into the defendant's understanding of the fact that he is giving up the right to plead not guilty, the right to a trial by jury with the assistance of counsel, the right to compel the attendance of witnesses on his behalf, the right to confront and cross-examine adverse witnesses, and the right to avoid compelled self-incrimination."
Here, as in Koenig, the brief colloquy between the trial court and Perry failed to even mention any of these rights. Although the trial judge did ask Perry if he understood that he was waiving certain rights, he never explained what those rights were. As this court stated in Perriello v. State, 684 So.2d 258, 260 (Fla. 4th DCA 1996): "The language of rule 3.172(c) is mandatory. The rule does not permit a written plea agreement to substitute for an on-the-record plea colloquy."
We note that the plea colloquy in the instant case was done as a group colloquy with several other defendants. Rule 3.172(c) states in part that "the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally. . . ." We are not unmindful that trial judges throughout the state assigned to criminal divisions are faced with crowded dockets and oftentimes pressed for time to resolve cases. Nonetheless, the plea colloquy must reflect that the defendant has personally been addressed pursuant to the requirements of Rule 3.172(c) and has expressed an understanding of the rights guaranteed therein. See Hen Lin Lu v. State, 683 So.2d 1110, 1112 (Fla. 4th DCA 1996) (judges are not precluded from using preprinted rights forms as a part of a plea colloquy as long as the colloquy reflects that a defendant has intelligently understood the written information contained within them). We therefore reverse and remand. We direct the trial court to permit Perry to withdraw his plea.
Reversed and Remanded with Directions.
GUNTHER and POLEN, JJ., concur.