SHAHOOD, J.
We reverse the trial court’s denial of appellant’s motion to withdraw his plea based on an inadequate plea colloquy.
*578 Appellant was indicted for first degree murder. If convicted, appellant faced life in prison without the possibility for parole. Appellant was first represented by the Public Defender’s Office and then by court-appointed counsel. During that time, the state presented several plea offers, ranging from thirty years to twelve years, which appellant rejected. Just pri- or to the jurors being seated for trial, defense counsel announced on the record that the state had offered appellant a plea which he declined.
The state offered appellant a twelve-year sentence on a lesser charge of murder in the second degree. The court asked appellant if he understood that if he was convicted at trial, the only possible sentence was life without the possibility for parole. Appellant stated that he understood. He then asked to speak with his father. After a recess, defense counsel announced that appellant wanted to enter a plea of no contest to the lesser included offense of second degree murder for a twelve-year prison sentence.
Appellant was sworn and the court heard a factual basis for the plea. The prosecutor stated that the evidence at trial would show that appellant coaxed the victim behind a house and shot him in the head. In the year following the victim’s death, witnesses came forward to say that they saw appellant shoot the victim. Defense counsel made it clear that appellant would contest those facts at trial, but for purposes of the plea, accepted them as a factual basis.
The court then queried appellant, including whether he discussed the case with his counsel, whether appellant was satisfied with counsel’s services, whether he understood what was occurring and that by entering a plea of no contest he was giving up his right to trial, whether he understood the plea, whether everything was true to which he signed his name; appellant responded yes to all questions posed. The state then asked: “You had a long discussion with your father off of the record here. This decision — you made the decision after consulting with your family and your attorney, correct?” Appellant responded: ‘Yes sir.”
The court then accepted appellant’s plea and stated: “Mr. Joseph, your plea of no contest is made freely, voluntarily and intelligently, after you have had the advice and counsel of Mr. Bauer. Mr. Bauer is competent to be your lawyer. You are satisfied with his services. There is a factual basis for your plea. Your plea is accepted.” Appellant agreed to waive the presentence investigation and the court sentenced appellant to twelve years in prison.
Approximately two weeks later, defense counsel moved to withdraw appellant’s plea on the grounds that appellant did not understand the terms of the plea and, therefore, did not enter the plea knowingly and voluntarily. Shortly after being sentenced appellant contacted defense counsel wanting to withdraw his plea. Appellant filed a pro se motion to withdraw based on misadvice of counsel. In his motion, he claimed that he was prepared to go to trial when defense counsel advised him that guilt could be established through the testimony of witnesses that had previously testified and helped convict an associate of appellant’s in another case.
At an evidentiary hearing, appellant’s initial counsel from the Public Defender’s Office and his court-appointed counsel testified. Appellant claimed that his attorneys did not do anything in his case and kept pushing him to take a plea, which he rejected several times. Appellant claimed that prior to trial, defense counsel wanted appellant to take the plea for twelve years because he was going to be convicted. Ap *579 pellant claimed he still wanted to go trial, but after speaking with his father, he agreed to the plea. Appellant claimed that his lawyer “scared me up” and “forced” him to take the plea. While admitting that he signed the plea form, appellant claimed he did not understand what a plea of no contest meant. Appellant stated that he did not really listen to the judge when asked questions after taking the plea and that although he told the judge that he read the plea form or had it read to him, he just signed the form and saw where it indicated a sentence of twelve years.
Appellant’s counsel testified that he read the plea agreement to appellant and that appellant signed it. Appellant’s counsel further stated that “Mr. Joseph wanted to have a trial there was no doubt about it.” Appellant then answered questions posed by the trial court stating that he understood the plea offer and read the plea form.
The court denied the motion on the grounds that appellant’s counsel had fully prepared the case for trial, that appellant was advised of the strength of the state’s case, the maximum penalties he could receive on the murder charge and its lessers, both with and without a firearm, and that appellant understood what he was doing when he entered into the negotiated plea. The court went on to find that appellant stated under oath that he understood the plea and voluntarily entered into it.
Rule 3.172(c), Florida Rules of Criminal Procedure, sets forth certain consequences that can result with the entry of a plea that a trial court should inquire into with a defendant in order to determine the voluntariness of a plea. See State v. Partlow, 840 So.2d 1040, 1042 (Fla.2003)(the voluntariness of a plea depends on whether the defendant is aware of the direct consequences of the plea and those consequences listed in Florida Rule of Criminal Procedure 3.172); Lopez v. State, 536 So.2d 226, 228-29 (Fla.1988)(a guilty plea must be entered voluntarily by one who is competent to know the consequences of the plea and the court must carefully inquire into the voluntariness of the plea). The failure to follow any of the procedures in the rule shall not render a plea void absent a showing of prejudice. See Fla. R.Crim. P. 3.172(i).
In Koenig v. State, 597 So.2d 256, 258 (Fla.1992), the Florida Supreme Court held that a plea of no contest was deficient where the court failed to inquire into the defendant’s understanding of the plea so that the record contained an affirmative showing that the plea was intelligent and voluntary. Before the plea hearing, defendant signed a form which described in detail the rights he was waiving. In response to the court’s inquiry, defendant stated that he discussed it with his attorney. However, there was nothing in the record to demonstrate that the defendant understood the waiver of rights form he signed or what his attorney told him about it. See id.
In Jones v. State, 885 So.2d 449 (Fla. 1st DCA 2004), the defendant pleaded no contest without an agreement to the charges, and without the trial court providing any additional information to the defendant before the entry of the plea. In reversing, the First District held that under Koenig, due process requires a court accepting a guilty plea to carefully inquire into the defendant’s understanding of the plea, and that the absence of a rule 3.172(c) inquiry by the court compels remand. See id. at 452. The court noted that even if defendant had been shown a form describing in detail the rights he was waiving, which he had not, his reading level and mental capacity might well have precluded his understanding the contents of the form. See id. at 453.
*580 While the evidence adduced at the evidentiary hearing demonstrates that appellant knew the evidence against him and made a decision to accept the plea in his best interest, reversal is required because the trial court failed to conduct an adequate inquiry under rule 3.172(c), Florida Rules of Criminal Procedure. Accordingly, this matter must be reversed and remanded to allow appellant to withdraw his plea and proceed to trial.
REVERSED AND REMANDED.
KLEIN, J., concurs.
TAYLOR, J., concurs specially with opinion.