PER CURIAM.
 

 The appellant appeals the denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse.
 

 The appellant was convicted of possession of a firearm by a convicted felon (count one) and failure to appear (count two) and was sentenced in accordance with a negotiated plea agreement to concurrent terms of four years’ imprisonment with a three-year minimum mandatory for count one for possessing a firearm. The appellant asserts that there is no factual basis to support the imposition of the three-year minimum mandatory sentence. “An appellant can challenge the factual basis for his plea in a rule 3.850 motion.”
 
 Franklin v. State,
 
 645 So.2d 166, 166 (Fla. 4th DCA 1994);
 
 see also Jones v. State,
 
 647 So.2d 182 (Fla. 1st DCA 1994) (“When a 3.850 movant alleges that his plea had no factual basis, and the trial court fails to attach to its order those portions of the record establishing that basis, the order does not conclusively show that the movant is enti-
 
 *1225
 
 tied to no relief’). Here, the appellant alleges that he did not have actual possession of the firearm because it was found in the trunk of a car he was driving, which, if true, would not support the minimum-mandatory sentence imposed.
 
 See Sims v. State,
 
 44 So.3d 1222 (Fla. 5th DCA 2010) (“In the context of possession of a firearm by a convicted felon, this court has interpreted subsection 775.087(2)(a)1.’s use of ‘actually possessed’ to require evidence that the defendant actually carried the firearm in order to impose the three-year minimum mandatory”);
 
 Johnson v. State,
 
 855 So.2d 218 (Fla. 5th DCA 2003) (“The three-year minimum mandatory applies, but only if it is shown that Appellant ‘actually possessed’ the firearm, which we construe to mean carried on his person”).
 

 In response, the state asserts in part that the denial should be affirmed because the appellant agreed to the three-year minimum mandatory portion as a part of his plea. However, this Court has held that a defendant’s agreement to be subject to a minimum-mandatory sentence for possessing a firearm does not constitute an admission that the defendant was in actual possession of the firearm.
 
 See Turpin v. State,
 
 651 So.2d 176 (Fla. 1st DCA 4995). Thus, we reverse and remand for the trial court to attach records conclusively refuting the appellant’s claim or to hold an evidentiary hearing. We note that if the trial court finds that a factual basis did not exist to support the imposition of the mandatory-minimum portion of the sentence, the appellant would not be entitled to automatic resentencing. Instead, the remedy would be for the State to be allowed to withdraw from the plea and proceed to trial on the original charges or for the striking of the minimum-mandatory sentence
 
 only
 
 if the state agreed.
 
 See Bartkel v. State,
 
 862 So.2d 28 (Fla. 2d DCA 2003) (holding that where an agreed upon minimum-mandatory sentence was illegal, remedy was not automatic resentencing, instead, the state would be given the opportunity to agree to resentencing or to withdraw from the plea agreement and proceed to trial on the original charges).
 

 REVERSED and REMANDED for proceedings consistent with this opinion.
 

 WOLF, WEBSTER, and VAN NORTWICK, JJ., concur.