PER CURIAM.
Brandon Purvis Davis, Appellant, challenges the lower court’s judgment revoking his probation and sentencing him to 36 months in prison. He argues that the trial court erred by adjudicating him guilty without a plea colloquy.
“Due process requires a court accepting a guilty plea to carefully inquire into the defendant’s understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary.” Koenig v. State, 597 So.2d 256, 258 (Fla.1992). All parties believed that Mr. Davis had admitted to violating his probation in open court. The trial court, as a result, skipped the plea colloquy before revoking his probation and sentencing him. But the State properly concedes, and the record reflects, that Mr. Davis made no admission, and was not informed of the consequences. The lower court thereby violated Florida Rules of Criminal Procedure 3.172(c). See Haug v. State, 151 So.3d 560, 561 (Fla. 1st DCA 2014).
Accordingly, we REVERSE and REMAND with instructions to conduct a plea colloquy before entering a judgment and sentence.
WETHERELL, ROWE, and OSTERHAUS, JJ., concur.