PER CURIAM.
Appellant, Antonio Moorer, appeals the trial court’s summary denial of the third ground of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant’s motion requested that the trial court vacate his judgment and sentence because his plea of no contest was not a knowing and voluntary waiver of his constitutional rights. He asserted that the trial court did not advise him of his right to trial by jury and attendant rights as required by Florida Rule of Criminal Procedure 3.172. Appellant claimed that had he known of these rights, he would not have entered the plea and would have proceeded to trial. Because the record does not conclusively refute Appellant’s legally sufficient claim, we reverse and remand for an evidentiary hearing on this claim.
Before accepting a defendant’s plea of nolo contendere, a trial judge “shall determine that the plea is voluntai'ily entered ....” Fla. R. Crim. P. 3.172(a). This determination “demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences.” Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Florida Rule of Criminal Procedure 3.172(c) sets out ten factors that a trial judge “shall determine on the record” that a defendant understands when determining the voluntariness of his plea. Specifically, the rule provides that a trial judge should inquire into a defendant’s understanding the fact that he is giving up the right to plead not guilty, the right to a trial by jury, the right to the assistance of counsel at trial, the right to compel the attendance of witnesses on his behalf, the right to confront and cross-examine adverse witnesses, and the right to avoid compelled self-incrimination. Fla. R. Crim. P. 3.172(c).
The transcript of the June 24, 2013, plea hearing reveals that the trial court did not address Appellant’s right to compel attendance of witnesses on his behalf and the right to confront and cross-examine witnesses against him. Nor is it apparent from the face of the record that Appellant was aware of these rights. Appellant does not appear to have signed a waiver of rights form. And when asked at the hearing if he had any questions, Appellant responded, “I would like—no questions, Your Honor. I would just like to first of all—” Appellant’s attorney then stopped him from speaking. Although Appellant said, “no questions,” it is unclear from the record what Appellant was about to say.
Given these circumstances, we do not think the record conclusively refutes Appellant’s claim that his plea was not a knowing and voluntary waiver of his rights. See Koenig v. State, 597 So.2d 256 (Fla. 1992). Accordingly, we reverse the summary denial of Appellant’s third ground and remand for an evidentiary hearing on this claim.
REVERSED AND REMANDED.
OSTERHAUS, BILBREY, and WINOKUR, JJ., CONCUR.