# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0183

_____

AMOS DONALD BOYD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

September 20, 2018

PER CURIAM.

Appellant challenges his criminal judgment and sentence, arguing the trial court erred by adjudicating him guilty although he had not entered a plea.

A trial court is required to inquire into a defendant's understanding of a plea so that the record contains information showing the defendant entered into the plea intelligently and voluntarily. *Davis v. State*, 187 So. 3d 1284 (Fla. 1st DCA 2016). Here, the record shows the trial court conducted part of a plea colloquy but then abandoned it because appellant was not aware of the mandatory minimum sentence he was facing. In fact, the trial court stated on the record that it was resetting the hearing "[f]or plea hopefully." At the subsequent hearing, the parties and

the trial court mistakenly believed appellant had already entered a plea, and the court proceeded to sentence appellant without first conducting a colloquy. The trial court thereby violated Florida Rule of Criminal Procedure 3.172(c). *See Davis*, 187 So. 3d at 1284.

Accordingly, we REVERSE and REMAND with instructions either to conduct a plea colloquy before entering a judgment and sentence or to allow appellant to proceed with a trial.

WOLF, JAY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Frank Xavier Moehrle Jr., Assistant Attorney General, Tallahassee, for Appellee.