DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE PERRY**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-460

[January 9, 2019]

Appeal of order denying 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Jr., Judge; L.T. Case No. 062001CF013374A88810.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Willie Perry appeals a circuit court order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. In his motion, Perry argued his 65-year prison sentences for armed kidnapping, carjacking with a firearm, and sexual battery on a victim 12 years or older were de facto life sentences and illegal under recent case law and sections 775.082(3)(c) and 921.1402(2)(d), Florida Statutes (2014). Bound by *Kelsey v. State*, 206 So. 3d 5 (Fla. 2016), we reverse and remand for resentencing.

In 2013, the circuit court ordered a third sentencing hearing pursuant to *Graham v. Florida*, 560 U.S. 48 (2010).[1] After a non-evidentiary hearing,

---

[1] We issued written opinions regarding Perry's conviction on two prior occasions. *See Perry v. State*, 973 So. 2d 1289, 1290 (Fla. 4th DCA 2008) ("We therefore affirm Perry's convictions but reverse for re-sentencing as to the consecutive ten-year mandatory minimum sentences for armed kidnapping and carjacking with

the court resentenced Perry to concurrent terms of 65 years in prison with a 10-year mandatory minimum for armed kidnapping and carjacking with a firearm, and a concurrent term of 65 years in prison for sexual battery.

Perry filed a rule 3.800(a) motion, arguing that his sentences were de facto life sentences and that he was entitled to resentencing under chapter 2014–220, Laws of Florida, which has been codified at sections 775.082, 921.1401, and 921.1402, Florida Statutes.

On appeal, Perry argues case law following his resentencing shows he is entitled to relief. *See, e.g., Kelsey*, 206 So. 3d at 5. In *Kelsey*, the defendant was a juvenile when he committed armed sexual battery, armed burglary, and armed robbery. *Id.* at 6-7. Kelsey's original life sentence was declared unconstitutional under *Graham*, and the circuit court resentenced him, before July 1, 2014, to concurrent sentences of 45 years in prison. *Id.* at 7. After the legislature enacted chapter 2014–220, Kelsey moved for resentencing. *Id.* at 8. In resolving the case, our supreme court rephrased the certified question:

> Is a defendant whose original sentence violated *Graham v. Florida*, 560 U.S. 48 [ ] (2010), and who was subsequently resentenced prior to July 1, 2014, entitled to be resentenced pursuant to the provisions of chapter 2014–220, Laws of Florida?

*Id.* at 6. The court answered the question in the affirmative. *Id.*; *see also id.* at 8 ("[A]ll juveniles who have sentences that violate *Graham* are entitled to resentencing pursuant to chapter 2014-220, Laws of Florida, codified in sections 775.082, 921.1401 and 921.1402, Florida Statutes (2014)."). While the court has clarified its post-*Graham* jurisprudence, *see, e.g., Franklin v. State*, 43 Fla. L. Weekly S556 (Fla. Nov. 8, 2018); *State v. Michel*, 43 Fla. L. Weekly S298 (Fla. July 12, 2018), it has not receded from the holding in *Kelsey*.

The question answered in *Kelsey* controls our disposition here. The circuit court concluded that Perry's sentence violated *Graham*.[2] As a result, Perry was resentenced. But he was resentenced before July 1,

---

a firearm."); *Perry v. State*, 900 So. 2d 755, 757 (Fla. 4th DCA 2005) ("We direct the trial court to permit Perry to withdraw his plea.").

[2] The earlier decision that Perry's sentence violated *Graham* is not the subject of this appeal. We affirmed the court's order determining Perry's sentence violated *Graham*. *Perry v. State*, 187 So. 3d 1258 (Fla. 4th DCA 2016).

2014.  Thus, under the Florida Supreme Court's holding in *Kelsey*, Perry has a right to be resentenced pursuant to the provisions of chapter 2014-220, codified at sections 775.082 and 921.1402, Florida Statutes (2014).

*Reversed and remanded for resentencing.*

GERBER, C.J., and FORST, J., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**