PER CURIAM.
Following Appellant's open plea in which he admitted to violating his probation, the trial court revoked Appellant's probation and sentenced him to serve eight years in prison on his conviction for possession of methamphetamine with intent to sell. On December 17, 2018, at 7:51:34 p.m., Appellant simultaneously filed both a timely motion to withdraw his plea and a notice of appeal. The trial court entered an order dismissing the motion, determining that it lacked jurisdiction to rule on the motion. As the State properly concedes, this was error.
The disposition of this appeal is controlled by our decision in Davis v. State , 763 So. 2d 519 (Fla. 5th DCA 2000). In that case, as was done here, the notice of appeal and the defendant's motion to withdraw his plea were both filed at precisely the same moment. Id. at 521. We concluded that, under these "peculiar and particular circumstances," Florida Rule of Appellate Procedure 9.020(h) provided the trial court with jurisdiction to hear the motion to withdraw plea and that the appeal would be held in abeyance until the filing of a signed, written order disposing of the motion. Id.
Accordingly, we reverse and remand for the trial court to rule on Appellant's motion to withdraw his plea. This appeal will be held in abeyance pending the filing of the written order from the trial court disposing of the motion.
REVERSED and REMANDED.
EVANDER, C.J., LAMBERT and EDWARDS, JJ., concur.