PER CURIAM.
Weston Opas appeals an order denying his motion to withdraw his plea. Opas contends that he entered the plea solely because the trial court threatened to sentence him to prison if he did not forego his motion to suppress and enter the plea.
Opas was charged by information with eight counts of unlawful possession of material depicting sexual performance by a child in violation of section 827.071(5), Florida Statutes (2001). Opas subsequently filed a motion to suppress the illegal material pursuant to Florida Rule of Criminal Procedure 3.190(h) and (i).
During a hearing on his motion to suppress, Opas entered a plea of guilty to one count of unlawful possession of child pornography in violation of section 827.071(5), Florida Statutes (2001). The trial court accepted the plea agreement and entered a judgment ordering that adjudication of guilt be withheld as to only one of the counts while the remaining seven counts were nolle prossed by the State. Although Opas could have been sentenced to up to five years imprisonment for one count, the court followed the State’s recommendation and only sentenced him to sixty months sex offender probation.
Less than a month later, Opas filed a Florida Rule of Criminal Procedure 3.170(1) motion to withdraw his plea alleging that his plea was involuntary and not entered by his own free will. Opas alleged that the trial judge threatened that he would receive a prison sentence if he exercised his right to a healing on his motion to suppress and did not immediately enter a plea. A hearing was held on the matter during which only the defense presented evidence. The attorney who represented Opas when the plea was entered testified that the presiding judge, at a sidebar conference, indicated that the State had made one “honey sweet of an offer” and that the offer would not be available if the judge had to sit through a hearing on a motion to suppress. Further, the presiding judge allegedly indicated to Opas’ attorney that if the motion was unfavorable to Opas, any *600 sentence would include prison. Opas testified that he entered the plea only because he did not want to go to prison. Finding that the presiding judge was merely informing Opas’ attorney of what his client faced should his client reject the State’s offer, the trial court denied the motion to withdraw the plea and this appeal ensued.
Allowing the withdrawal of a guilty plea is within a trial court’s discretion; it is not a matter of right. Kg., Lopez v. State, 536 So.2d 226 (Fla.1988). The burden of proving a trial court abused its discretion in refusing to allow withdrawal of a guilty plea is on the defendant. Kg., Gore v. State, 552 So.2d 1185 (Fla. 5th DCA 1989). In the instant case, Opas contends that the trial court abused its discretion in denying his motion to withdraw his plea because he presented unre-butted evidence that his plea was entered as a result of the “threats” of the trial court.
A plea of guilty to a criminal charge must be completely voluntary and should be accepted only in the absence of threats or coercion. The comments by the trial judge when he accepted Opas’ plea cast suspicion upon the voluntariness of the plea. Cf. State v. Warner, 762 So.2d 507 (Fla.2000) (holding that to avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as exercise of a defendant’s right to trial).
Accordingly, we vacate the order denying Opas’ motion to withdraw his plea and remand to the trial court with instructions to allow the withdrawal. We further instruct the court to set aside the judgment ordering that adjudication of guilt be withheld along with the sentence of sex offender probation. The State will then be free to proceed with the prosecution of Opas for the eight original counts of unlawful possession of child pornography.
REVERSED AND REMANDED.
PETERSON, PLEUS and ORFINGER, JJ., concur.