KELLY, Judge.
Jose Correa appeals from his sentence for burglary of a dwelling and grand theft. We find merit only in his argument that the judge’s decision to sentence him to fifteen years after he rejected the judge’s plea offer of twelve years raised a presumption of judicial vindictiveness that the State failed to overcome. We therefore reverse and remand for resentencing.
Correa entered a plea of no contest to the charges of burglary of a dwelling and grand theft. He was sentenced as a habitual offender to twenty-five years in state prison for the burglary and five years for the grand theft. Correa filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 requesting to withdraw his plea and to have his sentence vacated. The judge found that the sentencing court had based its twenty-five-year sentence on an incorrect account of Correa’s criminal history and agreed that Correa was entitled to resentencing.
The judge called a recess during the proceedings and asked the prosecutor and defense counsel to meet him in his chambers. During the recess, the judge offered to resentence Correa to twelve years if everyone agreed to the amount of time and Correa waived his right to appeal. This meeting was not recorded. When the proceedings continued on the record, the judge asked defense counsel whether he talked to Correa and whether he had a proposal. Defense counsel stated that Correa declined the deal because he wished to preserve his right to appeal. Thereafter, the judge sentenced Correa to fifteen years.
In State v. Warner, 762 So.2d 507, 513-14 (Fla.2000), the supreme court set forth certain procedural safeguards that must be met when a judge participates in plea negotiations: (1) the trial court must not initiate the plea dialogue; (2) the court cannot state or imply alternative sentencing possibilities which hinge upon future procedural choices; and (3) a record must be made of all plea negotiations involving the trial judge. See Wilson v. State, 845 So.2d 142 (Fla.2003) (emphasizing that the requirements of Warner must be strictly followed). None of these requirements were met in this case.
When a trial judge participates in plea negotiations which are ultimately unsuccessful, a totality of the circumstances review is appropriate to determine whether a defendant’s constitutional right to due process was violated by the imposition of an increased sentence. Wilson, 845 So.2d at 156. Factors to be considered in determining whether there is a reasonable likelihood that the harsher sentence was imposed in retaliation for the defendant exercising his or her right to proceed to trial include: (1) whether the trial judge initiated the plea negotiations; (2) whether the trial judge appears through comments on the record to have departed from his or her role as an impartial arbiter by urging the defendant to accept a plea, or by implying that the sentence imposed would hinge on future procedural choices; (3) the disparity between the plea offer and the sentence imposed; and (4) the lack of any facts on the record that would account for the increased sentence. Id. The appearance of some or all of these factors would give rise to a presumption of vindictiveness. The State may overcome the presumption by presenting facts on the record which would explain the increased sentence, other than that the defendant chose to exercise his rights. Id.
All of the above factors appear in this record. The trial judge initiated the plea negotiations, indicated that the sentence would hinge on the defendant’s relinquish *1069 ment of the right to appeal, imposed a fifteen-year sentence rather than the twelve that was originally offered in chambers, and failed to give any explanation on the record for the increased sentence imposed after the plea negotiations failed. Based upon these facts, we conclude that a presumption of vindictiveness arose that was unrebutted. Accordingly, Correa is entitled to be resentenced by a different judge on remand. Id. at 159; Harris v. State, 845 So.2d 329, 331 (Fla. 2d DCA 2003).
Reversed and remanded for resentenc-ing.
ALTENBERND, C.J., and SILBERMAN, J., concur.