PER CURIAM.
Rodolfo Ortiz appeals the denial of his petition for a writ of habeas corpus on the grounds that, based upon newly discovered evidence, he is actually innocent of the crime of resisting an officer. Claims of newly discovered evidence are properly raised on a motion to vacate, set aside, or correct a sentence pursuant to Fla. R.Crim. P. 3.850, see Roberts v. State, 678 So.2d 1232 (Fla.1996), and are not subject to the usual two-year time limit of R. 3.850(b). Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001). We therefore treat this as an appeal from a timely filed R. 3.850 motion, rather than from a denied habeas petition.
Mr. Ortiz claims that he first learned in 2000, three years after his conviction, that he was kicked in the face by police officers and taken to Jackson Memorial Hospital (JMH)[1] with a lacerated and bloody lip. He further claims that such “newly discovered” evidence is proof that he did not resist a police officer.[2] Even assuming arguendo that we accept the appellant’s assertion that he was unaware he was kicked in the face and taken to the hospital for stitches until reading his treatment record years after the incident, we cannot accept this assertion as proof that he would likely be acquitted on retrial. See Blanco v. State, 702 So.2d 1250 (Fla.1997) (noting that in order to vacate a conviction under R. 3.850, newly diseover-ed evidence must be of such nature that it would probably produce acquittal on retrial).
Affirmed.

. The hospital record shows that Ortiz was brought to JMH by the arresting officers to stitch and dress his cut. The treatment record indicates that he had no other medical problems and that he personally told the nurses that he was kicked in the face.

. In fact, evidence of a struggle probably bolsters the state's case against him.