MONACO, J.
As a society, we have got to find a better way of handling our mentally ill and mentally handicapped citizens than incarceration in our jails and prisons. This present case is typical of the problem.
The appellant, Joshua Cardinal, is a man of limited mental ability. In 1999, he pled guilty to committing a lewd and lascivious act in the presence of a child under 16, and one count of attempted commission of a lewd and lascivious act in the presence of a child under 16, after being examined by mental health experts to assure that he could lawfully enter such a plea. See § 800.04, Fla. Stat. (1998). He was sentenced to serve three years in prison in the custody of the Department of Corrections, followed by ten years of probation, including the performance of community service hours.
After completing his term of incarceration, he was placed in a group home facility called the Human Development Center. The Center provides intensive behavioral treatment to individuals who are both mentally retarded and mentally ill. While living at the Center, Mr. Cardinal violated his probation by refusing to perform his community service hours because, according to his probation officer, he said “he just [didn’t] want to do them.” He admitted his violation of probation to the trial judge, and was sent back to prison.
Mr. Cardinal now seeks to withdraw his plea to the violation of probation. It appears from the record, however, that the trial court carefully considered the evidence of Mr. Cardinal’s limited mental abilities, and his medical and mental health history, as well as the reports of various experts. It concluded, based primarily on the reports of two experts, that Mr. Cardinal often uses his limited intellect as an excuse for his aberrational behaviors. All who have come in contact with this case, including the trial judge, have concluded that Mr. Cardinal suffers from some serious mental limitations. It appears, nevertheless, that Mr. Cardinal will continue to be housed in prison.
We come to this conclusion because we review a trial court’s determination to grant or deny a motion to withdraw a plea using an abuse of discretion standard. See Opas v. State, 868 So.2d 598 (Fla. 5th DCA 2004). Using this standard it is obvious that we must affirm. The trial judge actually heard the testimony, took the plea, and judged the credibility of the witnesses before him. We do not mean to minimize the criminal acts for which Mr. Cardinal was imprisoned. It is unfortunate, however, that there is not a better way to both safeguard society and to handle persons such as Mr. Cardinal, other than to place him back in a prison environment.
AFFIRMED.
PLEUS, C.J. and ORFINGER, J., concur.