PER CURIAM.
The appellant challenges the trial court’s order denying his Florida Rule of Criminal Procedure 3.850 motion. Pursuant to a nolo contendere plea, the appellant was convicted of lewd or lascivious conduct in the presence of a child under sixteen and was required to register as a sex offender. The appellant served his sentence, but was again incarcerated for failure to re-register within 48 hours of an address change based on the foregoing conviction. He filed the present motion attacking his original conviction on grounds of newly discovered evidence. The lower tribunal dismissed the motion reasoning that in light of McArthur v. State, 597 So.2d 406 (Fla. 1st DCA 1992), citing Wall v. State, 525 So.2d 486, 487 (Fla. 1st DCA 1988), it lacked jurisdiction to consider the motion’s merits since the appellant was no longer in custody for the challenged conviction and did not allege that the conviction was used to enhance his current sentence.
Rule 3.850 is an appropriate vehicle to seek postconviction relief regardless of whether the movant is “in custody.” See Wood v. State, 750 So.2d 592 (Fla.1999). Therefore, the appellant was not required to show he was “in custody” by alleging that the sentence he is now serving was enhanced by the conviction he seeks to have set aside. Thus, the trial court erred in dismissing the appellant’s motion.
An evidentiary hearing should have been held to determine whether the appellant’s newly discovered evidence claim has merit. He relies on the recantation of testimony by the victim and her grandmother to support his claim. A recantation of accusations of sexual abuse may qualify as newly discovered evidence. See Johnson v. State, 936 So.2d 1196, 1197 (Fla. 1st DCA 2006). Because the recantations in the instant case are not inhere ently incredible as a matter of a law and are material to the appellant’s guilt, an evidentiary hearing is required to determine whether relief should be granted. See Stephens v. State, 829 So.2d 945 (Fla. 1st DCA 2002). Accordingly, we reverse and remand for an evidentiary hearing.
REVERSED AND REMANDED.
WEBSTER, LEWIS, and THOMAS, JJ., concur.