995 So.2d 1074 (2008)
David FAIRES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-1794.
District Court of Appeal of Florida, Fifth District.
November 21, 2008.
Bernard F. Daley, Jr., Tallahassee, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
After entering a no contest plea to ten counts of lewd and lascivious exhibition and one count of stalking, Faires was sentenced to ten years in prison followed by forty-five years sex offender probation. He subsequently filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, alleging that he would not have entered the plea but for his counsel's assurance that he would not receive more than four years in prison. The trial court summarily denied Faires' motion. No transcript of the plea colloquy was attached to the trial court's order. We reverse.
The written plea form executed by Faires did not set forth any agreement regarding the sentence to be imposed. It did include a provision advising Faires of the maximum sentence for each charge against him. In summarily denying Faires' motion, the trial court relied upon the following language found in the plea form:
I have not been promised any reward nor has it been suggested that I will be rewarded in any manner, or that I will be given any leniency, other than the terms set forth in this document, in return for my entering this plea. No person has used any threats, force, pressure *1075 or intimidation to induce me to make this plea. No promises concerning gain time or potential release dates have been made to me.
This language does not conclusively refute Faires' claim. State v. Leroux, 689 So.2d 235 (Fla.1996) (general acknowledgment that defendant not promised anything to plead guilty fails to conclusively refute sworn allegation that defendant prompted to enter plea by attorney's misrepresentation regarding length of sentence); see also Johnson v. State, 757 So.2d 586 (Fla. 2d DCA 2000). On remand, the trial court shall attach additional records conclusively refuting Faires' claim or, in the alternative, conduct an evidentiary hearing.
REVERSED and REMANDED.
MONACO, LAWSON and EVANDER, JJ., concur.