COPE, J.
 

 Defendant-petitioner Drinmard Fudge contends that his appellate counsel was ineffective for failing to raise a claim of vindictive sentencing. We conclude that the defendant’s point is well taken.
 

 The defendant was convicted of armed robbery, armed kidnapping, and attempted burglary in Miami-Dade County circuit court case number 05-33506 (“the jury verdict case”). On direct appeal, appellate counsel raised a claim of error in the jury instructions but did not raise a claim of vindictive sentencing. This court affirmed the convictions without opinion.
 
 Fudge v. State,
 
 3 So.3d 1262 (Fla. 3d DCA 2009) (table).
 

 The defendant wrote a letter to the Florida Supreme Court which that Court treated as a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(c). The letter/petition was transferred to this court.
 

 
 *983
 
 The claim of vindictive sentencing arises from events which occurred at sentencing in the jury verdict case. By way of background, the defendant had three pending criminal cases in the trial court: the jury verdict case and two others. As already stated, the defendant proceeded to trial in the jury verdict case and was convicted. When the case came before the trial court for sentencing, the State made a plea offer to dispose of all three of the defendant’s cases by a sentence of twenty-five years with a mandatory minimum sentence of ten years, followed by five years of reporting probation. One of the conditions was that the defendant would not appeal the jury verdict case. The trial judge stated in substance that he was inclined to sentence the defendant to life, but would look favorably on any plea agreement that the State and the defendant might reach.
 

 The defendant balked at giving up the right to appeal the jury verdict case. The defendant’s counsel explained to him that if he accepted the plea offer, appealing the jury verdict case would make no practical difference. That was so because even if there were to be a reversal in the jury verdict case, the agreed judgment and sentence would still remain intact in the two companion cases. In further discussion the judge made it clear that the sentence was going to be life in the jury verdict case unless the defendant agreed to the State’s terms. The defendant refused to enter into the plea agreement, and the judge sentenced the defendant to life imprisonment with a ten-year mandatory minimum sentence.
 

 Our court has previously held that this fact pattern amounts to vindictive sentencing. “A defendant’s refusal to waive his/her right to appeal is not a valid reason to impose a greater sentence.”
 
 Naim v. State,
 
 837 So.2d 519, 520 (Fla. 3d DCA 2003);
 
 see also Correa v. State,
 
 892 So.2d 1067, 1068-69 (Fla. 2d DCA 2004). Here, the trial court vigorously advocated the State’s plea offer. There is a very large disparity between the twenty-five year sentence offered and the life sentence imposed. The sentence hinged on a procedural choice: the waiver of the right to appeal. Under the totality of the circumstances, the sentence amounted to a vindictive sentence under
 
 Wilson v. State,
 
 845 So.2d 142, 156 (Fla.2003), and
 
 State v. Warner,
 
 762 So.2d 507, 514-15 (Fla.2000). In accordance with
 
 Wilson,
 
 we vacate the sentence and return the case to the trial court for a new sentencing hearing before a different judge. 845 So.2d at 159. The defendant is entitled to representation by counsel at resentencing.
 

 In his letter/petition the defendant claims that he is innocent of the charged crime. The defendant submitted with his letter to the Florida Supreme Court an affidavit of the codefendant, Timothy P. Martin. The defendant and codefendant were charged with holding up a Subway sandwich shop. In his affidavit, the code-fendant asserts that he acted alone in the holdup and that the defendant simply walked into the store while the holdup was going on. The appropriate procedure for a claim of newly discovered evidence is to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
 
 See Ortiz v. State,
 
 895 So.2d 1100, 1101 (Fla. 3d DCA 2004);
 
 Brantley v. State,
 
 912 So.2d 342 (Fla. 3d DCA 2005). As the mandate in the defendant’s direct appeal issued on March 6, 2009, the defendant is still within the time period for a Rule 3.850 motion. Accordingly we deny relief regarding the codefendant’s affidavit, without prejudice to the defendant to file a Rule 3.850 motion. We express no opinion on the merits of this claim.
 

 Petition granted in part, denied in part,
 
 *984
 
 and remanded for resentencing.
 
 *
 

 *
 

 After oral argument in this case, the defendant filed a pro se motion for leave to amend his letter/petition to add additional claims of ineffective assistance of appellate counsel. We deny leave to amend without prejudice to the defendant to file a petition under Rule 9.141 (c) raising the additional issues. The petition must be in the form specified by Rule 9.141(c)(3) and must be filed within the two-year time limit specified by Rule 9.141(c)(4)(B).