PER CURIAM.
Deliee appeals from the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one of the issues raised by Delice has merit.
On September 11, 2007, Delice was sentenced on a sexual battery charge to 359 days incarceration, with credit for time served, followed by ten years probation. On August 22, 2008, Delice pled no contest *263 to violating the terms of his probation and was sentenced to fifteen years imprisonment. In his amended 3.850 motion, Del-ice alleged that his attorney had misled, coerced, and threatened him to plead to the violation of probation charge by assuring him that he would receive a sentence of only ten years in prison.
In summarily denying his claim, the trial court relied on Delice’s written plea agreement that provided that there was “no dispositional understanding.”[1] This provision of the written plea agreement was insufficient to conclusively rebut Delice’s claim. See State v. Leroux, 689 So.2d 235, 236-38 (Fla.1996) (general ac-knowledgement that defendant was not promised anything to plead guilty fails to conclusively refute sworn allegation that defendant was prompted to enter plea by attorney’s misrepresentation regarding length of sentence); Faires v. State, 995 So.2d 1074, 1074 (Fla. 5th DCA 2008) (written plea form insufficient to conclusively refute claim that defendant prompted to enter plea by attorney’s misrepresentation regarding length of sentence; no transcript of plea colloquy attached to trial court’s order).
Although we are compelled to reverse the trial court’s summary denial of Delice’s above-referenced claim (which went to the merits of the claim), we would observe that Delice’s motion was facially insufficient. To sufficiently allege prejudice, Delice was required to aver that he would not have entered his no contest plea to the violation of probation charge but for his attorney’s misrepresentation regarding length of sentence. See Baker v. State, 879 So.2d 663, 664 (Fla. 5th DCA 2004). No such allegation was set forth in Delice’s amended motion.
Accordingly, on remand, the trial court is directed to strike Delice’s claim as facially insufficient and provide Delice a reasonable time period in which to file an amended motion as to his claim that counsel had induced him to enter a plea to the violation of probation charge by misrepresenting that Delice would receive a ten year imprisonment sentence. Spera v. State, 971 So.2d 754 (Fla.2007). If Delice timely files a facially sufficient amended motion, the trial court shall either grant Delice an evidentiary hearing or attach portions of the record that conclusively refute Delice’s claim.
AFFIRMED, in part; REVERSED, in part; REMANDED.
SAWAYA, EVANDER and BERGER, JJ., concur.

. The transcript of the plea colloquy was not attached to the court’s order.