IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUSTIN VOSHELL,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5906

_____/

Opinion filed March 18, 2016.

An appeal from an order of the Circuit Court for Duval County.
Angela Cox, Judge.

Justin Voshell, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      This appeal returns to the Court following reversal and remand in Voshell v.

State, 174 So. 3d 1089 (Fla. 1st DCA 2015), for the trial court to attach the portion

of the record conclusively refuting Justin Voshell's claim that counsel acted ineffectively by advising or assuring him that if he entered a plea the court would be lenient when sentencing him, and would impose a Youthful Offender sentence for his armed robbery charges, or, in the least, would not impose lengthy sentences. Appellant entered a plea and the court imposed three concurrent terms of 42.5 years' imprisonment.

The attached plea colloquy transcript indicates the trial court conducted only a general inquiry into whether "anybody" had "threatened, coerced, intimidated" or "promised" Appellant "anything[.]" This questioning does not conclusively refute his assertions. See State v. Leroux, 689 So. 2d 235, 237 (Fla. 1996) ("Rule 3.850 explicitly requires that the record 'conclusively' rebut an otherwise cognizable claim if it is to be denied without a hearing. Here, we must agree with the district court that it cannot be said that respondent's allegations of the misadvice of counsel are 'conclusively' refuted by the plea colloquy. While the plea colloquy may appear to be some evidence contrary to defendant's claim, it is not so clear or so inconsistent with the claim so as to 'conclusively' rebut it."); Delice v. State, 103 So. 3d 262 (Fla. 5th DCA 2012) (citing Leroux to support its conclusion that the written plea agreement, which stated that there was "no dispositional understanding[,]"[1] did not conclusively refute Delice's claim that counsel had

---

[1] As explained in the original opinion reversing the appellant's first appeal in this

2

assured him he would receive a sentence of only 10 years, when the court imposed a 15-year sentence, because it was only a general acknowledgement that he was not promised anything to plead guilty).

We therefore reverse and remand for the trial court to appoint counsel to represent Appellant and to conduct an evidentiary hearing on this claim.

REVERSED AND REMANDED.

ROBERTS, C.J., SWANSON, and KELSEY, JJ., CONCUR.

---

case, the plea form does not conclusively refute the appellant's claim, either.