IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

HARRY LEE GOOD,

      Appellant,

v.                                                                          Case No.  5D15-4311

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 1, 2016

3.850 Appeal from the Circuit Court
for Marion County,
Hale R. Stancil, Judge.

James S. Purdy, Public Defender, and
Allison A. Havens, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, Douglas T. Squire and
Marjorie Vincent-Tripp, Assistant Attorney
Generals, Daytona Beach, for Appellee.


PER CURIAM.

Harry Lee Good appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850(b)(1) motion alleging newly discovered evidence.  Although we agree

with Good that the trial court's summary denial order fails to refute his claim, see, e.g.,

Auritt v. State, 958 So. 2d 1052, 1053 (Fla. 1st DCA 2007), because the claim is based

on the victim's recantation and Good failed to attach a copy of the victim's sworn affidavit[1] to his motion or provide an explanation as to why the required affidavit could not be obtained, see Fla. R. Crim. P. 3.850(c), we are compelled to reverse and remand with directions that the trial court strike Good's motion as facially insufficient, allowing leave to amend. See, e.g., Delice v. State, 103 So. 3d 262, 263 (Fla. 5th DCA 2012); Campbell v. State, 139 So. 3d 490, 498 (Fla. 2d DCA 2014); Nelson v. State, 996 So. 2d 950, 952 (Fla. 2d DCA 2008).

In the event Good timely files a facially sufficient amended motion,[2] the trial court shall either grant an evidentiary hearing or attach portions of the record conclusively refuting Good's claim.[3]

REVERSED AND REMANDED.

LAWSON, C.J., PALMER and BERGER, JJ., concur.

---

[1] It is apparent that the victim's recantation affidavit exists, however, it does not appear in the record on appeal.

[2] Florida Rule of Criminal Procedure 3.850(b)(1) requires newly discovered evidence claims to be filed "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence . . . ."

[3] The trial court premised its conclusion that there would be no "manifest injustice" in the instant case on its finding that Appellant entered his plea "aware of the victim's reluctance to participate in the prosecution" and, therefore, received "the benefit of the bargain he entered in this case." However, the trial court failed to include any record attachments establishing that, in fact, Appellant was aware that the victim was reluctant to participate in the prosecution at the time he entered his plea. Likewise, the trial court's order is devoid of any attachments demonstrating that the alleged victim would have refused to cooperate and/or testify at a trial, and that the State would not have otherwise been able to present the alleged victim's statements through hearsay exceptions.