IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JERALD ANTHONY TUBBS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3510

_____/

Opinion filed November 8, 2017.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Mark S. Barnett and Curtis S. Fallgatter, Fallgatter & Catlin, P.A., Jacksonville, for
Appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General,
Tallahassee, for Appellee.

PER CURIAM

     Jerald Anthony Tubbs appeals from the summary denial of his motion to

withdraw plea, pursuant to Florida Rule of Criminal Procedure 3.170(*l*).  We agree

with Mr. Tubbs that he is entitled to an evidentiary hearing on the motion because it

is facially sufficient and is not conclusively refuted by the record.

I.

Mr. Tubbs was charged with possession of a firearm by a convicted felon, possession of cocaine, and possession of less than 20 grams cannabis. Because of his prior record he faced a lengthy prison sentence of up to 30 years. After an unsuccessful motion to suppress, Mr. Tubbs entered into a plea agreement with the State. The plea agreement called for a 13-year prison sentence, with a 10-year mandatory minimum. And the agreement allowed Mr. Tubbs to appeal the denial of his motion to suppress.

After almost completing the process of accepting the plea, the trial court abruptly stated that it would not accept the agreement. Following a bench conference that wasn't transcribed, Mr. Tubbs tendered and the court accepted a revised plea agreement that eliminated Mr. Tubbs' right to appeal the denial of his motion to suppress.

Mr. Tubbs subsequently filed a timely motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l), alleging that his plea was involuntary. Mr. Tubbs' motion alleged that during the side-bar the court informed the parties that it would not accept the agreed-upon negotiated plea and sentence due solely to the reservation of the right to appeal. His motion further alleged that the court conditioned its acceptance of a plea on whether Mr. Tubbs (1) waived his right to appeal, or (2) pled open to the court, retaining his right to appeal, upon which the

court would sentence him to more than the agreed upon 13 years, but less than 30 years. A successor trial judge summarily denied the motion to withdraw plea. The court found that the motion was conclusively refuted by the plea colloquy, in which the judge advised Mr. Tubbs that by entering his plea, he was forfeiting certain constitutional rights. Mr. Tubbs testified that he understood and still wished to enter his plea.

## II.

Pursuant to Florida Rule of Criminal Procedure 3.170(*l*), a defendant seeking to withdraw a plea after sentencing must show a manifest injustice requiring correction. *Flemming v. State*, 204 So. 3d 950, 951 (Fla. 1st DCA 2016). "Examples of situations where withdrawal is necessary to correct a manifest injustice include cases where the defendant proves that he received ineffective assistance of counsel or where the defendant's plea was involuntary." *Nelfrard v. State*, 34 So. 3d 221, 222 (Fla. 4th DCA 2010) (citing *Williams v. State*, 316 So. 2d 267, 274 (Fla. 1975)). When engaging in plea discussions with a defendant, "[t]o avoid the potential for coercion, a judge must neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." *State v. Warner*, 762 So. 2d 507, 514 (Fla. 2000). Thus, pleas have been found involuntary under rule 3.170(*l*) when the trial judge indicates that a harsher sentence would be given if the defendant opts against a negotiated plea and

wishes to pursue a motion to suppress. *Opas v. State*, 868 So. 2d 598 (Fla. 5th DCA 2004). *See also Taylor v. State*, 870 So. 2d 72, 73 (Fla. 2d DCA 2003) ("[T]he trial court's statements strongly implied that Taylor would receive a harsher sentence if he did not accept the plea at that time."). *Cf. Fudge v. State*, 45 So. 3d 982 (Fla. 3d DCA 2010) (finding a sentence vindictive where it was increased because the defendant refused to waive his right to appeal); *Correa v. State*, 892 So. 2d 1067 (Fla. 2d DCA 2004) (same).

When a trial court rules on a motion to withdraw plea it may only deny a legally sufficient motion without a hearing if the motion is conclusively refuted by the record. *See, e.g., Jones v. State*, 885 So. 2d 449, 452 (Fla. 1st DCA 2004). "Because the defendant bears the burden of proof, when a defendant files a facially sufficient motion to withdraw a plea, the trial court must either afford the defendant an evidentiary hearing or accept the defendant's allegations in the motion as true except to the extent that they are conclusively refuted by the record." *Sheppard v. State*, 17 So. 3d 275, 283 (Fla. 2009) (quoting *Iaconetti v. State*, 869 So. 2d 695, 699 (Fla. 2d DCA 2004)). "When determining 'whether an allegation is conclusively refuted by the record, [a trial court] may rely on the sworn testimony the defendant has given in the plea colloquy. Any allegations that contradict those answers should not be entertained.'" *Johnson v. State*, 22 So. 3d 840, 844 (Fla. 1st DCA 2009) (citation omitted).

4

Here, Mr. Tubbs filed a facially sufficient motion alleging that his plea was involuntary because of the trial court's unrecorded side-bar statements indicating that Mr. Tubbs would receive a more severe sentence if he did not take a negotiated plea and waive his right to appeal. *See Fudge v. State*, 45 So. 3d at 983 (noting that a defendant's refusal to waive his appellate rights is not a valid basis for imposing a harsher sentence). The record doesn't conclusively refute Mr. Tubbs' allegations. It only shows that the trial court held an unrecorded side-bar right after stating that it couldn't accept a plea deal previously agreed to by the State and Mr. Tubbs. Immediately after the unrecorded side-bar, the court accepted a new plea agreement that was identical to what had been agreed to before, except that Mr. Tubbs waived his right to appeal. In addition, the standard plea colloquy questions from the trial judge regarding the voluntariness of the plea asked after the side-bar—"Has anybody threatened you or coerced you or promised you anything to get you to do this?"— do not conclusively refute Mr. Tubbs' coercion allegations. *See, e.g., Voshell v. State*, 187 So. 3d 370, 371 (Fla. 1st DCA 2016) ("The attached plea colloquy transcript indicates the trial court conducted only a general inquiry into whether 'anybody' had 'threatened, coerced, intimidated' or 'promised' Appellant 'anything[.]' This questioning does not conclusively refute his assertions.").

## III.

Accordingly, we reverse the denial of the motion to withdraw plea and remand with directions to hold an evidentiary hearing. Because of this disposition, we do not reach the merits of Mr. Tubbs' motion to suppress argument.

WOLF, OSTERHAUS, and KELSEY, JJ., CONCUR.